UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROBERT BRICKMEYER,

                Plaintiff,

      -against-


ROULETTE CONSTRUCTION INC,
NICK CONSULTING SERVICES, INC,
AND NICHOLAS ANALITIS ,

                Defendants.
-----------------------------------------------------------------X

**SUA SPONTE REPORT AND RECOMMENDATION**
19-CV-04365 (GRB) (JMW)

**A P P E A R A N C E S:**

Abdul Karim Hassan
Abdul Hassan Law Group, PLLC
215-28 Hillside Avenue
Queens Village, NY 11427
*For Plaintiff*

Nicholas Analitis
25 Melville Park Drive
Suite 66
Melville, NY 11747
*Pro se Plaintiff*

*No appearance by Defendants Roulette Construction Inc,
and Nick Consulting Services Inc.*

**WICKS,** Magistrate Judge:

      Defendant Nicholas Analitis—proceeding *pro se*—has now failed to appear at three court-ordered conferences and failed to respond to the court's latest order to show cause. He played truant for status conferences scheduled and held on December 6, 2022 (DE 58), December 20, 2022 (DE 60), and January 6, 2023 (DE 62). On December 20, 2022, the Court

ordered Defendant to appear at the January 6, 2023, status conference and show cause as to why the Court should not recommend to the Hon. Gary R. Brown that Defendant's answer be stricken based on his repeated failure to appear in defiance of this Court's orders. (DE 60.) Defendant, radio silent, never responded to that order and failed to appear.

The Court has made clear that Defendant's noncompliance would have repercussions. Because those cautions were not heeded, the Court now respectfully recommends *sua sponte* to the Hon. Gary R. Brown that Defendant's answer be stricken, and that Plaintiff be directed to promptly take steps to seek a default judgment against Defendant.

## DISCUSSION

Federal Rule of Civil Procedure 16 permits the imposition of sanctions—including those authorized by Rule 37(b)(2)(A)(ii)-(vii)— when a party fails to appear at a court-ordered conference or fails to comply with other pretrial orders. Fed. R. Civ. P. 16(f); *see Rahman v. Red Chili Indian Café, Inc.*, No. 17-CV-5156 (RA) (BCM), 2019 WL 6619893, at *3 (S.D.N.Y. July 12, 2019). In such circumstances, the Rules authorize sanctions in the form of "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). Courts look to several factors when considering the appropriate sanction, including "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-complaint party had been warned of the consequences of . . .noncompliance." *Sanchez v. Jyp Foods Inc.*, No. 16-CV-4472 (JLC), 2018 WL 4502008, at *3 (S.D.N.Y. Sept. 20, 2018) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).

The Court will address each factor in turn below. Before doing so, it is worth noting that "a single pretrial violation, such as [a] party's failure to respond to a document request by the date ordered, would not ordinarily result in an imposition of a sanction of such finality as striking defendants' answer and entering judgment by default." *U.S. Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 954 (2d Cir.

2

1983) (citation omitted). That said, it is within the district court's discretion to impose such harsher sanctions where defendants exhibit a "continuing saga of dilatory conduct," and where they have had notice of the orders with which they failed to comply, paired with "an opportunity to argue [their] case against the proposed sanction." *Id.*; *see Rahman*, 2019 WL 6619893 at *3.  With these considerations in mind, the Court turns to the application of the relevant factors.

*First*, Defendant's noncompliance with the Court's orders has been willful.  As noted above, Defendant failed to appear for three pretrial conferences, in a row.  (*See* DE 58, 60, 62.)  Defendant has shown that he is more than capable of defending this action and participating in court-ordered conferences.  (*See, e.g.*, DE 18 (Defendant's answer to the complaint), 41 (Defendant appeared at status conference), 44 (same), 47 (same), 51 (same)) Such conduct indeed constitutes willfulness and supports the imposition of harsh sanctions. *See Sanchez*, 2018 WL 4502008 at *3 (finding willfulness where defendants were "plainly . . . aware" of lawsuit, based on their filing of an answer and attending a settlement conference, yet failed to defend the action); *Campos v. Quentin Mkt. Corp.*, No. 16-CV-5303 (RER), 2017 WL 9253412, at *3 (E.D.N.Y. Nov. 21, 2017) (finding willfulness after initial participation in lawsuit and subsequent defiance of court orders), *report and recommendation adopted by* 16-CV-5303, Electronic Order datedMar. 13, 2018.

*Second*, any lesser sanctions would be ineffective given that Defendant has halted in responding to court orders, attending conferences, or otherwise defending this action.  Indeed, Defendant's "repeated noncompliance with court orders and failure to engage with the Court indicates that any lesser sanction would be an exercise in futility."  *Sanchez*, 2018 WL 4502008 at *4 (internal quotation marks and citations omitted); *see Performance Elecs., LLC v. Tri Valley Recyclers, LLC*, No. 15-CV-710 (JFB) (SIL), 2016 WL 11339559, at *2 (E.D.N.Y. Nov. 16, 2016) ("The Court has considered the efficacy of lesser sanctions, but concludes that because defendants have repeatedly failed to comply with the orders of the Court, any lesser sanction would be futile."). Defendant's actions lead to the conclusion that lesser sanctions would be ineffective in prompting future compliance.

*Third*, the duration of Defendant's noncompliance weighs in favor of severe sanctions. At the July 13, 2022 status conference, the parties were directed to file a joint status letter on or before July 20, 2022 regarding the status of their settlement efforts. (DE 51.) Plaintiff moved to request an extension of time to complete discovery because the parties had settled in principle on August 17, 2022, however, Plaintiff noted that since August 18, 2022 Plaintiff had trouble communicating with Defendant who was being uncooperative and had failed to respond to discovery demands and other obligations. (DE 53.) The Court granted an extension and directed a joint status report to be filed on or before October 14, 2022, the time for which was extended to October 24, 2022 after not hearing from the parties. (Electronic Orders dated October 17, 2022, October 17, 2022.) Plaintiff's October 24, 2022 status report informed the Court that the parties had been unable to finalize settlement because of "communication difficulties" with Defendant and that Plaintiff had not heard back from Defendant. (DE 55.) The Court directed the parties to file a further status report on or before October 24, 2022. (Electronic Order dated October 26, 2022.) Plaintiff's November 30, 2022 status report informed the Court that Defendant had continued to be non-responsive, failing to respond to multiple attempts to follow-up including outreach via text and email. (DE 56.) Defendant then failed to appear at the court-ordered conference on December 6, 2022. (DE 58.) That was the last the Court or Plaintiff's counsel heard from or saw Defendant who subsequently failed to appear for two more court-ordered status conferences and to respond to Plaintiff's multiple attempts to reach him. (*See* DE 60, 62.) Plaintiff filed proof of service of the Court's Orders related to all three conferences. (DE 57, 59, 61.) Such recurrent and extended noncompliance warrants severe sanctions. *See Loc. Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const.*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) ("On this front, durations of time as brief as a few months have been held to weigh in favor of dispositive sanctions.") (collecting cases).

*Finally*, the Court has made it abundantly clear that Defendant's repeated defiance of court orders would lead to a recommendation of dispositive sanctions. After Defendant missed the December 6, 2022 status conference, the Court cautioned that "that the failure to appear at the next status conference scheduled below, will result in the Court considering applications for sanctions." (DE 58.) Once

4

Defendant missed the following conference on December 20, 2022, the Court ordered Defendant to appear at the status conference set for January 6, 2023, and "show cause as to why the Court should not recommend to the Hon. Gary R. Brown that Defendant's answer be stricken based on his repeated failure to appear in defiance of this Court's orders. Failure to appear will result in the Court recommending striking of the answer and entry of default." (DE 60.) Defendant failed to heed that warning. In light of the Court's unremitting warnings to Defendant, the final factor—whether the noncompliant party had been warned of the possible consequences of noncompliance—weighs in favors of striking Defendant's answer.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Defendant's answer (DE 18) be stricken, and that Plaintiff promptly takes steps to seek a default judgment against Defendant.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel for Plaintiff. Plaintiff is directed to serve a copy of this Report and Recommendation on Defendant by the following three methods: (1) overnight FedEx to his home address; and (2) attaching to a text, a PDF or image of this order to the phone number and email he provided to counsel. Counsel for Plaintiff shall promptly file proof of service for all above methods on ECF. A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of

Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
January 6, 2023

Respectfully recommended,

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge